IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>PASCUAL MANCINAS,<br><br>                Defendant. | CASE NO. 8:13MJ181<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Objection and Appeal of the Magistrate Judge's Detention Order (Filing No. 20) filed by Defendant Pascual Mancinas ("Defendant" or "Mancinas").[1] The Defendant has not submitted a Brief in support of his position and the Government has not submitted a timely Resistance to the Motion. Having considered the record the Court finds that the Defendant's Objection should be overruled.

## BACKGROUND

The Defendant was arrested on May 30, 2013, for participating in a narcotics transaction. A criminal complaint filed on May 31, 2013, alleged that Mancinas "knowingly and intentionally, combined, conspired, confederated and agreed with other persons known and unknown to the Grand Jury, to…[distribute] and [possess] with the intent to distribute 500 grams or more of a detectable amount [of] methamphetamine, its salts, isomer, and salts of its isomers, and 5 kilograms or more of a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of

---

[1] Neither an indictment or information has been filed in this case and it has yet to be assigned to an Article III District Court Judge. Accordingly, the Objection will be reviewed by the Chief Judge.

isomers,… in violation of Title 21, United States Code, Section 841(a)(1)". (Filing No. 1).

A Pretrial Report determined that the Defendant posed a risk of nonappearance at trial based on the nature of the offense charged, his citizenship of a foreign country, his possession of a foreign passport, and his frequent travel to Mexico. (Filing No. 8 at 3.) In addition, Mancinas recently contacted a real estate agent to put his house up for sale in order to leave the country. (*Id.*) The Pretrial Report also determined that the Defendant posed a risk of danger to the community due to the nature of the offense charged, his prior criminal history, and his substance abuse history. (*Id.*) The Pretrial Report recommended that the Defendant be detained during the pendency of this case. (Id.)

On the June 10, 2013, Magistrate Judge Gossett ordered Mancinas be detained pursuant to 18 U.S.C. §3142. (Filing No. 16 at 1.) Judge Gossett concluded that detention was proper because, by clear and convincing evidence, no condition or combination of conditions will reasonably assure the safety of any other person or the community. (*Id.*) Judge Gossett's Detention Order considered evidence presented at a hearing and information contained in the Pretrial Report. (*See id.*) Judge Gossett's reasoning was based on several factors, including, but not limited to, the nature and circumstances of the offense charged, the Defendant being a legal alien subject to deportation if convicted, and the Defendant's possession of $195,905.00 as part of a drug transaction. (*Id* at 1-2).

The Defendant has yet to be indicted and no information has been filed against him.[2]  On June 20, 2013, Mancinas signed a waiver and stipulation extending time for indictment in order to initiate a plea bargain with the Government.  (Filing No. 21.)

## STANDARD

"Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge." NECrimR 46.2(c).  The Defendant has not submitted additional evidence, and the Court will review the Detention Order based upon the record before the Magistrate.

## DISCUSSION

Upon de novo review, the Court concludes that the Objection to the Magistrate's Order should be overruled.  The Defendant has failed to allege any specific error in Judge Gossett's Order.  Additionally, Mancinas has offered no additional evidence to overcome his burden of proof.  18 U.S.C. § 3142(e)(2).  Courts consider four factors to determine whether a defendant should be detained before trial or released on bail according to the Bail Reform Act,  18 U.S.C. § 3142.  The factors considered are: (1) the nature and circumstances of the offense, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community.  18 U.S.C. § 3142(g).

The Defendant does not meaningfully challenge Judge Gossett's conclusion with regard to any of the statutory factors used in determining whether to release or detain, and the Court's review of the record shows no reason to disturb his findings.  The charges under the Complaint involve a narcotic drug, carrying a maximum penalty of life imprisonment.  The Defendant is an alien subject to deportation if convicted and was in

---

[2] As of July 8, 2013

possession of $195,905.00 as part of a drug transaction. These allegations carry a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. . . ." 18 U.S.C. § 3142(e)(3)(A). The Defendant has not met his burden of production to overcome this presumption. The record before the Court supports a finding that the Defendant should remain detained during the pendency of this case. Accordingly,

IT IS ORDERED: The Objection and Appeal of the Magistrate Judge's Detention Order (Filing No. 20), filed by Defendant Pascual Mancinas, is overruled.

Dated this 10th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge